# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Larry Tatum,
    Petitioner,

vs.                                      Case No. 1:07cv355
                                            (Beckwith, C.J.; Black, M.J.)

Warden, Allen
Correctional Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Allen Correctional Institution in Lima, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on respondent's motion to dismiss filed September 4, 2007 (Doc. 6), which petitioner has not opposed.

### Factual And Procedural Background

In 1977, the Hamilton County, Ohio, grand jury issued a three-count indictment charging petitioner with rape in violation of Ohio Rev. Code § 2907.02(A); attempted aggravated murder as defined in Ohio Rev. Code

§ 2903.01; and escape in violation of Ohio Rev. Code §2921.34.  (Doc. 6, Ex. 1).[1]

The trial court found that petitioner was competent to stand trial, and thereafter, on August 2, 1977, petitioner entered guilty pleas to the charges.  (*Id.,* Exs. 2-3).  In an Entry accepting petitioner's guilty pleas, which was filed August 2, 1977, the trial court deferred sentencing and remanded petitioner to the Lima State Hospital for examination and report.  (*Id.,* Ex. 4).

On December 9, 1977, prior to sentencing, petitioner filed a *pro se* motion to withdraw his guilty pleas, claiming that (1) his "earlier plea was entered without effective assistance of counsel in a state of nervous upset so pronounced that he could not and did not appreciate the nature, effect, potential, etc.;" and (2) "he was without full comprehen[s]ion of the offense, the potential results of his plea, or his rights."  (*Id.,* Ex. 5).  The parties were provided the opportunity to be heard on the motion at a hearing held the same date.  (Doc. 1, attachment, Tr. of "Morning Session, December 9, 1977").  The trial court overruled the motion and proceeded to sentencing.  (*Id.*).

Pursuant to an Entry filed December 12, 1977, and Amended Entry "nunc pro tunc 12/12/77" which issued November 24, 1978, petitioner was sentenced to consecutive terms of imprisonment of seven (7) to twenty-five (25) years for the rape offense; seven (7) to twenty-five (25) years for the attempted aggravated murder offense; and one (1) to five (5) years for the escape offense.[2]  (Doc. 6, Exs.

---

[1] According to the indictment, the incident giving rise to the rape and attempted aggravated murder charges occurred on May 25, 1977, and the escape incident occurred on May 27, 1977.  (*See* Doc. 6, Ex. 1).  The Ohio Court of Appeals recited the facts found by the trial court, which resulted in petitioner's conviction for rape and attempted aggravated murder, as follows: "Tatum had brutally raped a 16-year-old girl and had attempted to murder her by burning . . . over 50 percent of her body.  He also had repeatedly struck his victim with both his hands and a brick and had choked her.  He left his victim in a dumpster."  (Doc. 6, Ex. 21). These factual findings, which have not been disputed by petitioner, are presumed correct under 28 U.S.C. § 2254(e)(1), which provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence."

[2] At sentencing, the trial court also found that petitioner was a "psychopathic offender," suspended execution of the sentence, and ordered that petitioner be committed to the Department

2

6-7).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, alleging as the sole assignment of error that the trial court erred in overruling petitioner's motion to withdraw his guilty pleas. (*Id.,* Exs. 8-9). On November 8, 1978, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 11).

Over six months later, on July 11, 1979, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Supreme Court of Ohio. (*See id.,* Exs. 12-13). On November 13, 1979, the state supreme court overruled petitioner's motion for leave to appeal and *sua sponte* dismissed the appeal "for the reason that no substantial constitutional question exists herein." (*Id.* Ex. 14).

No further action was taken in the case until nearly 22 years later, when the Hamilton County Common Pleas Court issued a notice on September 17, 2001 informing petitioner, his counsel of record and the prosecutor of a "Sexual Offender Classification Hearing" scheduled for November 1, 2001. (*Id.,* Ex. 15). The hearing was held, and on November 1, 2001, an order was entered wherein petitioner was adjudicated to be a "sexual predator" for "the purposes of sex offender registration and notification in accordance with O.R.C. Chapter 2950." (*Id.,* Ex. 16).

Proceeding *pro se,* petitioner timely appealed this decision to the Ohio Court of Appeals, First Appellate District, claiming that his classification as a "sexual predator" was "against the manifest weight of the evidence." (*Id.,* Exs. 17-18). On June 19, 2002, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 21).

---

of Mental Hygiene and Correction until he "has recovered, or his condition is improved to such an extent he no longer needs the special custody, care or treatment of such institution." (Doc. 6, Exs. 6-7). Petitioner apparently met this condition, because he later was transferred to a state penal institution. Indeed, in light of the prison address provided by petitioner on his July 11, 1979 notice of appeal and motion for delayed appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' direct appeal decision, it appears that petitioner has been in prison since as early as 1979. (*See id.,* Exs. 12-13).

Petitioner sought leave to appeal further to the Supreme Court of Ohio. (*See id.,* Exs. 22-23). On October 30, 2002, the state supreme court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 25).

Finally, on March 5 and 14, 2003, petitioner filed with the trial court two *pro se* pleadings, both of which were entitled motions "To Vacate Void Judgment Of Conviction And Sentence, Motion For Due Process Hearing And Permission To Attend, Motion For Change Of Venue, Request For Recusal." (*Id.,* Exs. 26-27). It appears that, among other things, petitioner asserted claims in these pleadings challenging his underlying convictions for rape, attempted aggravated murder and escape and the sexual offender proceeding that resulted in his classification as a sexual predator. (*See id.*). On April 9, 2003, the court denied the motions, which were construed as a petition for post-conviction relief, because (1) petitioner's "claim should have been raised at trial, sentence, or on direct appeal, and is therefore barred by res judicata;" and (2) petitioner's claim was "not supported by evidentiary documents." (*Id.,* Ex. 29).

Over a year later, on May 17, 2004, petitioner filed a motion for delayed appeal with the Ohio Court of Appeals, First Appellate District, claiming that he did not receive a copy of the trial court's April 9, 2003 decision "until the end of March 2004." (*Id.,* Ex. 30). The state appellate court granted petitioner leave to appeal, and petitioner filed a brief wherein he raised eight assignments of error:

> 1. Appellant was denied due process of law where the trial court transmuted his motion to vacate void conviction and sentence into a postconviction petition and dismissed said motion on post conviction grounds.
>
> 2. The State breached the plea bargain agreement it had with appellant where the State adjudicated appellant as a sexual predator in violation of U.S. Constitution Amendment 14, due process of law.
>
> 3. Appellant was denied due process of law where the trial court denied his timely motion to withdraw his plea of guilty.
>
> 4. Appellant was denied due process of law where the trial court

4

  failed to journalize the denial of his motion to withdraw guilty plea.

  5. Appellant was denied due process of law where the trial court denied appellant the legal right to present an insanity defense.

  6. Appellant was denied due process of law where the trial court denied him a due process hearing and permission to attend [a hearing on his "motions to vacate"].

  7. Appellant was denied due process of law where the trial court denied him a change of venue [due to the judge's bias in the sexual offender classification hearing].[3]

  8. Appellant states that due process of law requires that he be discharged from illegal state custody where he was not granted a jury trial within six years.

(*Id.,* Exs. 32-33).

  On March 4, 2005, the Ohio Court of Appeals issued a decision overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. 35). The court determined in part that the trial court had properly construed petitioner's motions as a petition for post-conviction relief and that the claims raised in the tardy petition were time-barred. (*Id.*).

  Petitioner did not seek to appeal this decision to the Supreme Court of Ohio. Instead, petitioner filed a petition for writ of mandamus with the state supreme court, essentially claiming that he was entitled to the appointment of counsel and trial transcripts on appeal from the denial of his motions to vacate. (*Id.,* Ex. 36). The State filed a motion to dismiss, which was granted on March 29, 2006. (*Id.,* Exs. 37-38).

---

[3] Although petitioner did not specify in his state appellate brief the proceeding in which he was denied a change of venue, petitioner argued in his motion to vacate filed with the trial court that he should have been granted a change of venue in the "sexual predator hearing" where the judge had shown he was biased against petitioner and thus was not impartial. (*See* Doc. 6, Ex. 27, pp. 9-11).

5

Petitioner next commenced the instant federal habeas action. The petition, which was signed by petitioner on April 23, 2007, was stamped as "filed" on May 1, 2007. (*See* Doc. 1). Petitioner alleges eleven grounds for relief:

> **Ground One:** Trial court lacked authority to transmute motions to vacate into postconviction (PC) petition and dismiss the same on (PC) grounds.
>
> **Ground Two:** The State breached its plea agreement with petitioner where petitioner was adjudicated as a sexual predator.
>
> **Ground Three:** Petitioner was denied due process of law where the trial court denied his timely motion to withdraw his guilty plea.
>
> **Ground Four:** The trial court failed to journalize the denial of my motion to withdraw guilty plea in violation of U.S.C.A. 14.
>
> **Ground Five:** Petitioner was denied due process of law where the trial court denied petitioner the legal right to present an insanity defense.
>
> **Ground Six:** Petitioner was denied due process of law where the trial court denied him a due process hearing and permission to attend [a full hearing on his "motions to vacate," which petitioner claims was "necessary . . . to present his arguments in their entire form"].
>
> **Ground Seven:** Petitioner was denied due process of law where the trial court denied him a change of venue.
>
> **Ground Eight:** Petitioner states that due process of law requires that he be discharged from illegal State custody where he was not granted a jury trial within six years.
>
> **Ground Nine:** Petitioner was denied trial court transcripts for appeal [when he was granted a delayed appeal from the trial court's denial of his "motions to vacate"].

>**Ground Ten:**  Petitioner was denied appointed counsel on delayed appeal.
>
>**Ground Eleven:**  Petitioner, an indigent, was denied a fair opportunity to argue his claims for relief, at the Oral Appeal Hearing ["where the Court of Appeals refused to appoint counsel, and Petitioner's request for appearance was also denied"].

(*Id.,* pp. 6-12(B)).

In response, respondent has filed a motion to dismiss.  (Doc. 6).  Respondent contends that the claims alleged in Grounds One, Six, Seven, Nine, Ten and Eleven should be dismissed because they do not constitute cognizable grounds for federal habeas relief.  (*See* Doc. 6, Brief, p. 8).  Respondent further argues that petitioner's remaining claims alleged in Grounds Two, Three, Four, Five, and Eight should be dismissed as time-barred.  (*Id.,* pp. 8-15).

## OPINION

### A.  Grounds One, Six, Seven, Nine, Ten And Eleven Challenging State Proceedings On Petitioner's Motions To Vacate And Sexual Offender Classification Are Not Cognizable In This Federal Habeas Action

In Grounds One, Six, Seven, and Nine through Eleven of the petition, petitioner essentially contends that he was denied his constitutional rights during the sexual predator hearing held in November 2001 and during proceedings on his state post-conviction "motions to vacate" filed in March 2003.  (Doc. 1). Specifically, petitioner alleges that (1) the trial court improperly treated his motions to vacate as a petition for post-conviction relief (Ground One); (2) he was denied a hearing on his motions to vacate (Ground Six); (3) he was denied due process when he was not permitted to change venue because of the bias demonstrated by the judge who presided over the sexual offender classification hearing (Ground Seven); and (4) on appeal to the Ohio Court of Appeals from the denial of his motions to vacate, he was denied his rights to receive a copy of the trial transcript, to the assistance of appointed counsel, and to a fair hearing (Grounds Nine through Eleven).  (*See id.*, pp. 6, 12(A)-(B)).

As respondent has argued in the motion to dismiss, these claims challenging the state trial and appellate courts' rulings in the collateral review proceedings held on petitioner's motions to vacate, as well as the conduct of the hearing that resulted in petitioner's classification as a sexual predator, are not subject to federal habeas review.

The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies occurring in state post-conviction proceedings or in sexual offender classification hearings, because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002), *cert. denied,* 540 U.S. 853 (2003); *Carter v. Mitchell,* No. 1:98-CV-853, 2006 WL 2334853, at *51 (S.D. Ohio Aug. 10, 2006) (Rose, J.) (unpublished); *cf. Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002) (holding that the federal district court lacked habeas jurisdiction to grant relief on claim challenging petitioner's adjudication as a sexual predator under Ohio's civil sexual-predator registration statute because such classification is not part of the sentence, but rather a "collateral consequence" of conviction, and does not constitute a "severe and immediate restraint on liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review").[4]

Accordingly, in sum, the claims asserted in Grounds One, Six, Seven, and Nine through Eleven of the petition should be dismissed with prejudice because they fail to allege a cognizable ground for federal habeas corpus relief.

---

[4] It is also noted that, contrary to petitioner's contentions in Grounds Nine through Eleven of the petition, it is well-settled that constitutional protections, including the Sixth Amendment right to counsel, do not extend beyond a criminal defendant's first appeal as of right to state collateral review proceedings; therefore, the rights afforded a defendant on his first appeal as of right do not apply to an appeal from the denial of a state collateral review application. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)); *cf. Carter, supra,* 2006 WL 2334853, at *51 (citing *Finley* for the proposition that "[t]he states have no constitutional obligation to provide post-conviction remedies"). Because a federal habeas court only has jurisdiction to consider whether a state prisoner's confinement violates the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), petitioner's allegations in Grounds Nine through Eleven that he was denied the right to counsel, and that he was denied the right to a copy of the trial transcript or a hearing on appeal from the denial of his post-conviction "motions to vacate," do not trigger constitutional concerns.

### B. Petitioner's Remaining Claims Alleged In Grounds Two Through Five And Eight Of The Petition Are Time-Barred

In Grounds Three through Five of the petition, petitioner presents claims–i.e., that he was denied the right to present an insanity defense at a jury trial and that the trial court committed errors in denying his pre-sentence motion to withdraw his guilty pleas–which arose and were discoverable in the exercise of due diligence before his conviction became final by the conclusion of direct review in 1978. (Doc. 1, pp. 9-12(A)). In Ground Two of the petition, petitioner essentially claims that his conviction is no longer valid because his classification as a "sexual predator" in November 2001 constitutes a breach by the State of the parties' plea agreement. (*Id.,* pp. 7-8). Finally, in Ground Eight of the petition, petitioner asserts that because he was not granted a jury trial within six years, his conviction and sentence are "void." (*Id.*, p. 12(A)).

Respondent contends in the motion to dismiss that these remaining grounds for relief are all barred from review by the one-year statute of limitations applicable to federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 6, Brief, pp. 8-15). Respondent's argument has merit.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must initially determine which statute of limitations

9

provision set forth in 28 U.S.C. § 2244(d)(1) applies to each of petitioner's remaining grounds for relief.

First, it is clear that the claims alleged in Grounds Three through Five of the petition are governed by the limitations provision set forth in § 2244(d)(1)(A). Each of these claims stem from an alleged error that occurred prior to sentencing and, as respondent has argued (*see* Doc. 6, Brief, p. 9), petitioner has neither argued nor presented evidence even remotely suggesting that the factual bases for these claims could not have been discovered in the exercise of due diligence before petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A), when the forty-five (45) day period for filing a timely appeal from the Ohio Court of Appeals' November 8, 1978 direct appeal decision expired in late December 1978. *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. However, because petitioner was convicted before the enactment of the AEDPA's one-year statute of limitations on April 24, 1996, he was entitled to a reasonable period of time, consisting of a one-year grace period from the date of the AEDPA's enactment, or until April 24, 1997, in which to file a federal habeas corpus petition challenging his 1978 conviction and sentence. *See Bronaugh v. Ohio,* 235 F.3d 280, 284-85 (6th Cir. 2000) (and cases cited therein).

In contrast, petitioner's claims alleged in Grounds Two and Eight of the petition accrued after petitioner's conviction became "final" and thus are governed by another limitations provision which is set forth in 28 U.S.C. § 2244(d)(1)(D). Under that provision, the statute does not begin to run until the factual predicate of the claims could have been discovered through the exercise of due diligence.[5]

---

[5] Courts have held that under § 2244(d)(1)(D), "the critical date is the date on which the factual predicate *could have been* discovered" through the exercise of due diligence, "not the date it was actually discovered." *Green v. Benton,* No. CV 305-113, 2007 WL 710153, at *4 (S.D. Ga. Mar. 6, 2007) (unpublished) (emphasis in original); *see also Redmond v. Jackson,* 295 F.Supp.2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000)); *Shoop v. Money,* No. 3:04cv7734, 2006 WL 1984631, at *6 (N.D. Ohio July 14, 2006) (unpublished). The inquiry turns on the discovery of the facts giving rise to the petitioner's claim, "not the discovery of the legal basis or all evidence supporting the claim[]." *Green, supra,* 2007 WL 710153, at *4; *see also Redmond,* 295 F.Supp.2d at 771 ("under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or

Here, the factual predicate of the claim alleged in Ground Eight was discoverable in the exercise of due diligence at the very latest six years after petitioner's conviction in 1978 without a jury trial, or in 1984. Like the claims alleged in Grounds Three through Five, this claim accrued years before the enactment in April 1996 of the AEDPA's one-year statute of limitations. Therefore, petitioner similarly was entitled to the one-year grace period accorded those other claims, or until April 24, 1997, in which to file a federal habeas petition raising a claim stemming from "Ohio's six year bar of prosecutions." (*See* Doc. 1, p. 12(A)).

The claim alleged in Ground Two challenging petitioner's conviction on the ground that his classification as a sexual predator constituted a breach of the parties' plea agreement, accrued when the classification was made on November 1, 2001. The AEDPA's statute of limitations was in effect by that time. Therefore, the statute began to run the following day on November 2, 2001, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later absent the applicability of statutory or equitable tolling principles.

During both the one-year grace period governing the claims alleged in Grounds Three through Five and Eight of the petition, and the one-year period beginning November 2, 2001 applicable to the claim alleged in Ground Two of the petition, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,*

---

through due diligence, could have discovered the important facts for his claims, not when the petitioner recognizes the legal significance of the facts"). The habeas petitioner has the burden of establishing that he exercised due diligence in discovering the factual basis of his claim. *DiCenzi v. Rose,* 452 F.3d 465, 471 (6th Cir. 2006) (citing *Lott v. Coyle,* 261 F.3d 594, 605-06 (6th Cir. 2001), *cert. denied,* 534 U.S. 1147 (2002)); *see also Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir. Apr. 4, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 899 (2002).

208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, petitioner's motion in 1979 for delayed appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' direct appeal decision did not serve to toll the one-year limitations periods applicable to petitioner's claims; neither period had begun to run during the pendency from July 11 through November 13, 1979 of that motion before the state supreme court.

Moreover, the one-year grace period ending on April 24, 1997, which governs the claims alleged in Grounds Three through Five and Eight of the petition, had expired years before petitioner was adjudicated to be a "sexual predator" in November 2001 and appealed that ruling, or filed his "motions to vacate" in March 2003. Therefore, no time remained in that limitations period which could be statutorily tolled under 28 U.S.C. § 2244(d)(2) with respect to those claims.

As discussed above, the statute of limitations did not begin with respect to the claim alleged in Ground Two until November 1, 2001, the date petitioner was determined to be a "sexual predator" under Ohio's sexual predator registration and notification statute. Because petitioner timely appealed the trial court's determination to the Ohio Court of Appeals and, thereafter, to the Supreme Court of Ohio, the statute of limitations remained tolled and effectively did not commence running until October 31, 2002, the day following the entry of the state supreme court's final Order declining jurisdiction to hear petitioner's appeal. (*See* Doc. 6, Ex. 25).[6]

---

[6] The Sixth Circuit has held that a sexual predator classification under Ohio's civil statute is not part of the defendant's sentence, but rather a "collateral consequence" of the conviction. *See Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002). The proceeding held in November 2001 thus cannot be considered part of direct review under 28 U.S.C. §2244(d)(1)(A), a provision which in any event does not apply to Ground Two. Therefore, the tolling of the applicable limitations period set forth in § 2244(d)(1)(D) does not extend to include the 90-day

12

The undersigned will assume, without deciding, in petitioner's favor that the limitations period was further tolled 126 days later when petitioner filed his motions to vacate with the trial court in March 2003. The trial court denied the motions on April 9, 2003, and the statute of limitations commenced running again on May 10, 2003, the day after the 30-day period expired for filing a timely appeal from this decision to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A).

Petitioner did not take any further action in the matter until over one year later, and thus after the limitations period had expired, when on May 17, 2004, he filed his motion for delayed appeal with the Ohio Court of Appeals, which ultimately was granted. A motion for delayed appeal, "even if granted," does not cause the statute of limitations to begin running anew, but rather only serves to toll the running of the limitations period to the extent it has not already expired. *See, e.g., Dicenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001). Nevertheless, because petitioner has claimed that he was not informed of the trial court's decision "until the end of March 2004" (*see* Doc. 6, Ex. 30), the undersigned will assume again in petitioner's favor that the limitations period was tolled from March 5, 2003 (when petitioner filed his first motion to vacate) through March 29, 2006 (when the state supreme court issued the final order dismissing petitioner's mandamus petition challenging certain rulings by the Ohio Court of Appeals in the delayed appeal proceeding). (*See id.,* Exs. 37-38).

Petitioner did not commence the instant federal habeas action until over a year later when he submitted his *pro se* petition signed on April 23, 2007 to prison authorities for mailing to the Court.[7] The statute of limitations, which had

---

period in which petitioner could have filed for certiorari review to the United States Supreme Court. *See Lawrence v. Florida,* 127 S.Ct. 1079, 1083-84 (2007). In any event, even assuming the statute were tolled for the additional 90 days, the claim still would be time-barred. *See infra* pp. 13-14.

[7] Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Because the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing, it is assumed that the petition was so

commenced running again on March 30, 2006, had already expired by that time.[8]

Accordingly, in sum, the undersigned concludes that the one-year grace period applicable to the claims alleged in Grounds Three through Five and Eight of the petition, was not extended by any tolling under 28 U.S.C. § 2244(d)(2) and thus expired on April 24, 1997, ten years before petitioner filed the instant petition. Assuming in petitioner's favor with respect to the claim alleged in Ground Two of the petition, the undersigned further concludes that the statute of limitations governing such claim, which at the very latest remained tolled until March 29, 2006, expired before the filing of this action at the end of April 2007. Therefore, petitioner's remaining claims alleged in Grounds Two through Five and Eight of the petition are time-barred unless petitioner is able to demonstrate that he is entitled to any additional equitable tolling of the limitations periods.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas

---

delivered and thus "filed" on April 23, 2007, the date petitioner signed the petition. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

[8] The Supreme Court has held that the statute of limitations is not tolled under § 2244(d)(2) during the pendency of a petition for writ of certiorari to that Court from a state court's final post-conviction or collateral review decision. *See Lawrence v. Florida,* 127 S.Ct. 1079, 1083-84 (2007). In light of *Lawrence,* prior Sixth Circuit precedent on this issue no longer may be applied to include for tolling purposes the period of time in which a petitioner could have but did not seek certiorari review by the United States Supreme Court. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004).

petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).  The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.  *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)).  The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court.  He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.  First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions.  Moreover, even when according petitioner the benefit of the doubt with respect to certain delays that occurred during the relatively recent state court proceedings following his adjudication in November 2001 as a "sexual predator" under Ohio's civil sex offender registration and notification statute, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, after calculating the applicable limitations periods and according petitioner every benefit of the doubt with respect to those calculations, as well as statutory and equitable tolling principles, the undersigned concludes that petitioner's remaining claims alleged in Grounds Two, Three, Four, Five and Eight of the petition are time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds Two through Five and Eight of the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[9]

A certificate of appealability also should not issue with respect to the claims alleged in Grounds One, Six, Seven, Nine, Ten and Eleven of the petition, which have been addressed on the merits herein,[10] because petitioner has not made a substantial showing that he has stated "viable claim[s] of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/19/08          **/s/Timothy S. Black**

cbc                    Timothy S. Black

---

[9] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in this ground for relief. *See Slack*, 529 U.S. at 484. However, it is noted with respect to the claim alleged in Ground Two, that a strong argument can be made that "reasonable jurists" would not find it debatable whether petitioner has stated a viable constitutional claim in light of the Sixth Circuit's decision in *Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002).

[10] Because the adjudication of these claims does not involve a procedural ruling, the two-part test enunciated in *Slack*, 529 U.S. at 484-85, for determining whether or not to issue a certificate of appealability for procedurally-defaulted claims, is inapplicable.

United States Magistrate Judge

K:\BRYANCC\2008 habeas orders\07-355mtd-grant.sol-PostconvictErr.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Larry Tatum,
    Petitioner,

            v.

Warden, Allen Correctional Institution,
    Respondent.

Case No. 1:07cv355
(Beckwith, C.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).